UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NICK JOHN MARMARAS,
      Plaintiff,

   v.

PANAGIOTIS MARAFATSOS,
      Defendant.

Civil Action No. 18-1236 (CKK)

**MEMORANDUM OPINION**
(July 29, 2019)

Plaintiff Nick John Marmaras seeks default judgment against Defendant Panagiotis Marafatsos, who has not appeared in this action. But Plaintiff has not adequately pled his claims. Accordingly, upon consideration of the briefing,[1] the relevant legal authorities, and the record as a whole, in an exercise of its discretion the Court **DENIES WITHOUT PREJUDICE** Plaintiff's [11] Motion for Default for Failure to Appear, which in essence is a motion for default judgment.

## I. BACKGROUND

Only a brief recitation of the pertinent allegations is necessary in light of the Court's disposition today. Plaintiff and Defendant are the two members of a California limited liability corporation entitled King Greek, LLC. Compl., ECF No. 1, ¶¶ 2, 3, 14.[2] That entity was formed for the purpose of "turn[ing] [a] theater play script about [Plaintiff's] life into a movie." *Id.* ¶¶ 11-12. Initially Plaintiff held a 60% membership interest in King Greek, LLC, while Defendant held the remaining 40%. *Id.* ¶ 14.

---

[1] The briefing consists of Plaintiff's Memorandum of Points and Authorities in Support of Motion for Default for Failure to Appear, ECF No. 11 ("Pl.'s Mem."), as well as the accompanying exhibits.

[2] The Court uses the version of this entity's name that appears in the parties' Operating Agreement, contained in Exhibit 6 to Plaintiff's motion.

Plaintiff made a series of payments to Defendant to facilitate their movie project, but the latter did not use those funds for the designated purposes. *See, e.g.*, *id.* ¶¶ 18, 32-34. Defendant attempted to redirect potential investors to his own, alternative projects, and failed to comply with a number of other obligations to King Greek, LLC, and Plaintiff, as well. *See generally id.* ¶¶ 15-38. Of particular note, Defendant omitted King Greek, LLC, and Plaintiff when registering the movie script in Defendant's own name. *Id.* ¶ 35. In addition, the parties agreed to adjust the allocation of membership interest in King Greek, LLC, "but [Defendant] kept on finding excuses to delay the legal transfer of the additional 20% membership interest to [Plaintiff]." *Id.* ¶¶ 21-23.

In Plaintiff's three-count Complaint filed on May 26, 2018, Plaintiff seeks damages and other relief for copyright infringement, breach of contract, and breach of fiduciary duty. Compl., ECF No. 1, ¶¶ 1, 44-60 & Prayer for Relief. At the Court's prompting, Plaintiff filed proof of service on August 30, 2018, which indicated that Defendant was served on June 9, 2018. The deadline for his answer or other response to the Complaint had come and gone, and still Defendant had not appeared. Again the Court ordered Plaintiff to take further action, at the risk of dismissal of the case without prejudice. Plaintiff sought default, which the Clerk of Court entered on November 27, 2018. Default, ECF No. 10. Again at the Court's prompting, Plaintiff then moved for default judgment.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the Clerk of the Court must enter a party's request for a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After a default has been entered by the Clerk, a party may move the court for a default judgment. Fed. R. Civ. P. 55(b)(2).

"The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008); 10A Charles Alan Wright et al., Federal Practice & Procedure Civil § 2685 (4th ed.). Factual allegations in a well-pleaded complaint against a defaulting defendant are taken as true. *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002).

Once the court is satisfied that the plaintiff is entitled to a default judgment, the court must independently determine the amount of damages to be awarded, unless the amount of damages is certain. *Int'l Painters & Allied Trades Indus. Pension Fund v. Davanc Contracting, Inc.*, 808 F. Supp. 2d 89, 94 (D.D.C. 2011) (Kollar-Kotelly, J.) (citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)).[3] In making an independent determination, "the court may rely on detailed affidavits or documentary evidence." *Breaking the Chain Found., Inc. v. Capitol Educ. Support, Inc.*, 589 F. Supp. 2d 25, 28 (D.D.C. 2008) (Kollar-Kotelly, J.) (quoting *Adkins*, 180 F. Supp. 2d at 17) (internal quotation marks omitted).

"The court may conduct [a] hearing[ ] . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980) ("[A] court must hold a hearing on damages before entering a judgment on an unliquidated claim even against a defendant who has been totally unresponsive."); *Progressive Nursing Staffers of Virginia, Inc. v. Capitol Med. Ctr., LLC*, Civil Action No. 11-2160 (JDB), 2013 WL 140251, at *2 (D.D.C. Jan. 11, 2013) (same).

---

[3] The Plaintiff has not invoked the Clerk's authority to enter judgment "for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Accordingly, the Court need not consider whether the Plaintiff's request could be resolved without the Court's involvement.

## III. DISCUSSION

The Court is satisfied that it has federal-question jurisdiction over Count I under the Copyright Act, 17 U.S.C. § 101, *et seq.* 28 U.S.C. § 1331; 17 U.S.C. § 501(b) (providing cause of action for copyright infringement). The state law claims in Counts II and III require separate jurisdictional grounds.

Plaintiff has not invoked diversity jurisdiction. The parties appear to have diverse citizenship, however, and the breach of contract claim implicates an amount in controversy exceeding $75,000, though the breach of fiduciary duty claim does not. *See* 28 U.S.C. § 1332; Compl., ECF No. 1, ¶¶ 2, 3, 56, 60 (alleging parties' addresses in two different states, contract damages of $100,000, and fiduciary duty damages of $70,000). Nevertheless, the amount-in-controversy is considered on a claim-by-claim basis. 13D Charles Alan Wright et al., Federal Practice & Procedure Jurisdiction § 3567 (3d ed.) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552-57 (2005)). The Court finds that it has diversity jurisdiction over the breach of contract claim.

"[O]nce a single claim meets the amount requirement (assuming complete diversity of citizenship), the case is [properly] in federal court, and the lesser claim[ ] can invoke supplemental jurisdiction." *Id.* Accordingly, although Plaintiff asserts supplemental jurisdiction over Counts II and III, she need do so only for the fiduciary duty claim. *See* Compl., ECF No. 1, ¶¶ 4, 5; 28 U.S.C. § 1367(a). State law claims are properly before a federal court when they "are so related to" the federal law claim "that they form part of the same case or controversy" for constitutional purposes. 28 U.S.C. § 1367(a). This jurisdiction is available when "it is clear that the complaint raises a substantial federal question and that the federal and state claims arise from a 'common nucleus of operative facts.'" *Doe* ex rel. *Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir.

1996) (per curiam) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Rush v. Fed. Nat'l Mortg. Ass'n*, 707 F. App'x 9 (D.C. Cir. 2017) (Mem.) (same). Even after these criteria are satisfied, however, a federal court may choose not to exercise supplemental jurisdiction under certain circumstances. 28 U.S.C. § 1367(c).

The Court agrees that Plaintiff's state law claim for breach of fiduciary duty forms part of the same case or controversy as his federal copyright claim and his state contract claim subject to diversity jurisdiction. For example, Plaintiff's copyright claim turns in part on his allegation that Defendant used his own name when registering the script, which allegedly breached the parties' agreement and Defendant's fiduciary duties under that contract. *See* Compl., ECF No. 1, ¶ 47 (alleged copyright infringement); *id.* ¶ 55 (alleged breach of contract); *id.* ¶ 59 (asserting that foregoing allegations constitute breach of fiduciary duty). Moreover, Plaintiff links Defendant's fiduciary duty to the parties' agreement by alleging that this duty springs from Defendant's status "as a Member and Manager" of King Greek, LLC, and that his breach has taken place "[s]ince the creation of the Company." *Id.* ¶¶ 58-59 (pleading that Defendant "has taken advantage of [Plaintiff's] trust and confidence" since the formation). For these reasons, and in an exercise of its discretion, the Court shall hear Plaintiff's Count III claim together with Counts I and II. 28 U.S.C. § 1367(c).

In light of Defendant's default, the Court accepts Plaintiff's allegations as true. *R.W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d at 30. Yet, Plaintiff still must adequately plead his respective claims.

As to Count I, Plaintiff has alleged infringement of the copyrighted script under 17 U.S.C. § 501(a)-(b). Compl., ECF No. 1, ¶¶ 44-51. He claims to be the rightful owner of the copyright because the scriptwriter produced the movie script under contract with King Greek, LLC, in which

5

Plaintiff has a sixty percent interest. *Id.* ¶¶ 45-46 (alleging work for hire arrangement between movie scriptwriter and King Greek, LLC); *see also id.* ¶ 2 (asserting that Plaintiff sues "individually and derivatively as a Member of the LLC"); *see also generally* 17 U.S.C. § 101 (defining "'Copyright owner', with respect to any one of the exclusive rights comprised in a copyright," as "the owner of that particular right"). Plaintiff has not cited any authorities, but the Court shall assume, *arguendo*, that Plaintiff is properly suing either on behalf of King Greek, LLC, or on his own behalf as an owner of an interest in King Greek, LLC.

Section 501(a) creates liability for, among others, "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122." 17 U.S.C. § 501(a). Plaintiff has not grounded the putative exclusive right in a particular section. But the Court can surmise the following. Defendant allegedly "copied and used the copyrighted work" by registering it without King Greek, LLC's name or Plaintiff's permission to register it without that name. Compl., ECF No. 1, ¶ 47; Pl.'s Mot. at ECF pp. 7-8. That sounds most like an attempt to invoke Section 106, which recognizes, in pertinent part, a copyright owner's "exclusive rights to do and to authorize" the "reproduc[tion] [of] the copyrighted work in copies." 17 U.S.C. § 106(1). But a few further issues arise. There has been no showing that registration alone constitutes reproduction of the script in a copy. What if Defendant submitted the only copy of the script to the entity that issued the registration? And does registration with the Writers Guild constitute registration for purposes of the Copyright Act? Plaintiff has not cited any case law or otherwise explained how these issues are resolved in his favor. The Court is not satisfied that Plaintiff has made out a valid claim of infringement under Section 501(a).

Moreover, it is not clear whether Plaintiff can bring this suit at this time. "The legal or beneficial owner of an exclusive right under a copyright is entitled, *subject to the requirements of*

*section 411*, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b) (emphasis added). Section 411(a) further provides in pertinent part that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." Section 411(a) thereby "establishes a condition—copyright registration—that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the [Copyright] Act's remedial provisions." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157-58 (2010). Plaintiff has not furnished any evidence that he has sought such preregistration or registration, nor established any reason why that requirement would not apply to him. Accordingly, he has not discharged his burden to plausibly plead the prerequisites of a copyright infringement claim.

Turning to the contract and fiduciary duty claims, the Court first must determine which law governs these claims. Plaintiff pled that California law applies. Compl., ECF No. 1, ¶ 4. Moreover, the parties specified in their contract that it would "be governed by and construed in accordance with the internal laws of the State of California and the [Beverly-Killea Limited Liability Company Act (the "Act")], all rights and remedies being governed by said laws." Pl.'s Mot., Ex. 6, ECF No. 11-3 (Operating Agreement for King Greek, LLC, Art. 10.7) ("Operating Agreement"). Plaintiff has not raised any choice-of-law issue, nor, of course, has the defaulting Defendant. But, even assuming, *arguendo*, that the Court were to proceed with California law, Plaintiff has failed to identify the applicable California standards for either his contract claim or fiduciary duty claim. Nevertheless, the Court has identified what appear to be the controlling standards in California.

Plaintiff can establish a breach of contract under California law by identifying "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (citing *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830, 442 P.2d 377 (Cal. 1968)). The fiduciary duty claim requires Plaintiff to show "the existence of a fiduciary relationship, breach of fiduciary duty, and damages." *Id.* (citing *Shopoff & Cavallo LLP v. Hyon*, 167 Cal. App. 4th 1489, 1509, 85 Cal. Rptr. 3d 268 (Cal. Ct. App. 2008)).

Plaintiff has not specifically pled the elements of these causes of action. Perhaps in this posture, the Court need not hold Plaintiff to that requirement. Indeed, perhaps the Court could forge ahead to align his allegations with the elements as best the Court can. But even if the Court were to do so, certain further issues would arise. It is not immediately clear, for example, whether under California law the same actions can constitute both a breach of contract and a breach of fiduciary duty. *See* Compl., ECF No. 1, ¶¶ 57-60 (attributing breach of fiduciary duty to Defendant's actions in ¶¶ 1-56, which include allegations associated with breach of contract claim). Moreover, the Court hesitates to find a fiduciary duty absent any invocation, by Plaintiff, of relevant California authorities. Although the contract includes a duty to act in good faith, Operating Agreement Art. 5.4, the Court does not assume that this provision forms the basis for a fiduciary duty, even if it is a basis for assessing a breach of contract. And whether or not the same actions can support each claim, Plaintiff has not established which damages are attributable to which causes of action, although he believes that the damages differ for the two claims. *See* Compl., ECF No. 1, ¶¶ 56, 60 (seeking compensatory damages of $100,000 for contract claim, and $70,000 for fiduciary claim).

Although Defendant is in default, because Plaintiff has not established his legal claims, the Court need not decide remedies at this time. However, if Plaintiff chooses to renew his motion, then the Court expects that he will include authorities for the kinds of relief that he requests, including relief which may depend on state law. At this time, Plaintiff has not identified legal support for virtually any of the relief he requests, including judicial dissolution of King Greek, LLC, injunctive relief against any claim by Defendant of ownership of the movie script, declaratory relief in favor of Plaintiff's claim of ownership of the movie script, compensatory damages, pre-judgment and post-judgment interest "as provided by law," and attorney's fees and costs.[4] Compl., ECF No. 1, at ECF p. 10. The exception is Plaintiff's citation of 17 U.S.C. §§ 504 and 505 in support of his request for damages, fees, and full costs for his copyright claim. *Id.* ¶¶ 50-51. The Court also would expect Plaintiff to justify any discrepancy between the damages request in his Complaint and in his motion. *Compare* Compl., ECF No. 1, at 10 (seeking "[c]ompensatory damages, damages for out of pocket expenses, loss of profits and reputation in the amount of $320,000"), *with* Pl.'s Mot. at ECF p. 10 (requesting "[d]amages in the amount the Court considers just considering Marmaras has suffered actual damages of at least $692,801").

At this time, the Court does not make specific findings as to the adequacy of Plaintiff's proof of his damages. But the Court observes that one of Plaintiff's exhibits to his motion, Exhibit 11, consists of a long list of alleged payments to Defendant on specific dates, but it is largely devoid of descriptions. The Court would expect to see some description of the purpose of these payments, if the Court is to find that Defendant is liable for repaying them. Plaintiff's motion also lacks any description of his attorney's fees and costs.

---

[4] Plaintiff also currently requests "[s]uch other and further relief that this Court deems appropriate." Compl., ECF No. 1, at ECF p. 10.

Lastly, Plaintiff should indicate in any renewed motion whether, in his view, his written proof is sufficient to sustain his request without a hearing.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's [11] Motion for Default [Judgment] for Failure to Appear. Plaintiff may renew his motion by no later than **AUGUST 19, 2019**. Failure to do so shall result in dismissal without prejudice of this case.

An appropriate Order accompanies this Memorandum Opinion.

Dated: July 29, 2019

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge